OPINION OF THE COURT
Bruce M. Kaplan, J.
We are in an era where such tidal waves of global change as perestroika and glasnost have swept aside the Iron Curtain bringing a new era of openness and accessibility between hitherto estranged nations.
*645 This phenomenon has manifested itself in such dramatic changes as the opening of formerly impenetrable borders, and election of democratic governments in countries heretofore ruled by communist regimes.
Its ramifications have even trickled down to Family Court for Halina V. has moved for relief pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) for support of the nonmarital child born to her and respondent, Juan P.V. In support of her prayer for relief, she was represented by the Corporation Counsel pursuant to article 3-A of the Domestic Relations Law (Uniform Support of Dependents Law [USDL]).
Although paternity was established, and an order of support imposed by the District Court of Pabianice on July 7, 1982, the USDL permits petitioner to seek a de nova order of support, and so Ms. V. has initiated this petition in the Court of Sad Wojewodzy located in Lodz, Poland.
While relief is available to petitioner, the matter cannot proceed until there has first been compliance with the statute.
Accordingly, the matter is remanded to the Hearing Examiner with a direction that she communicate with the initiating court requesting that it transmit a copy of the Uniform Support of Dependents Law in accordance with Domestic Relations Law § 37 (3). This section requires the initiating court to transmit a certified copy of the summons and petition, as well as a certificate that an unsuccessful attempt was made to serve the respondent in the initiating State. It further requires that upon satisfactory evidence that the respondent is not within the initiating State, or could not be served with process there, the summons and affidavit may be omitted, and the certificate shall contain a statement of the reasons for said omissions and the pertinent evidence supporting the same. The statute further provides that the certificate and certified copies of such petition and summons and "a copy of this uniform support of dependents law, as amended” (emphasis supplied) be transmitted to the appropriate court in the responding State.
Domestic Relations Law § 37 (4) provides that upon receipt by any Judge in the county of the responding State in which respondent resides of the certificate, certified copies of such petition and summons, and "a copy of this uniform support of dependents law, as amended” (emphasis supplied) shall fix a time and place for a hearing on such petition, and shall issue a summons out of his court directed to the respondent requiring him to appear at such time and place.
*646 It is noted that the initiating court failed to append a copy of its "uniform support of dependents law”, or a copy of its controlling statute, purporting to be substantially similar, in the documents sent to New York County Family Court. In its stead is merely a certification by the Judge of the initiating court in Poland indicating that its support statute is substantially equivalent to the Uniform Reciprocal Enforcement of Support Act.
This certification falls short of both the formalistic and substantive requirements of the statute. A remand is necessary so that a copy of the applicable Polish statute can be obtained. It could then be compared with New York’s USDL (Domestic Relations Law art 3-A) to ascertain whether it is substantially similar.
The court’s insistence upon compliance with the strict letter of the law emanates from its perception of the function of uniform laws.
Uniform laws have the salutary effect of promoting uniformity in State laws on subjects where uniformity is desirable, and practicable by voluntary action of each State government. It was to this end that the National Conference of Commissioners on Uniform State Laws (Conference) was organized in 1892. While the particulars of the number, length of office and appointment process of Commissioners vary among the States, the Commissioners are generally appointed by the Governor or the Legislature, and its membership typically consists of lawyers, Judges, legislators, and law school professors. The National Conference operates in a permanent manner under a constitution and bylaws, and meets annually in connection with the American Bar Association’s annual meeting.
The promulgations of uniform State laws are found not only in the statutes of each individual State, or Commonwealth, but also are collected in Uniform Laws Annotated, Master Edition (ULA).
The ULA provides a brief explanation as to the workings of the Conference. It informs that the Conference works through standing and special committees to which are referred proposals for Uniform Acts. The proposals are referred to a standing committee on scope and program which makes an investigation, and reports to the executive committee if it believes that a subject is appropriate for attention by the Conference.
When the Conference decides to accept a subject, a special *647 committee of Commissioners is appointed to prepare a series of drafts of an act following which tentative drafts are prepared, discussed, and considered by the entire Conference at at least two annual meetings. Thereafter, the Conference decides by a vote of States whether to promulgate the dr ¿ft as a Uniform Act. Subsequent to this, individual State Legislatures consider the Uniform Act for prospective enactment.
A compilation of which jurisdictions have substantially adopted one of the Uniform or Model Acts is contained in a table found at the beginning of each Uniform or Model Act in ULA. It specifies the adopting jurisdiction, enacting legislation, effective date and statutory citation. This provides a convenient, and easily accessible reference as to which jurisdictions have enacted the Uniform Act, or a substantially similar piece of legislation.
The explanation also indicates that there are oft times difficulties in determining whether a jurisdiction has sufficiently adopted the major provisions of the official Uniform Act texts so that it may be deemed a substantial adoption thereof. In order to help clarify this issue, ULA, in its general statutory notes, speaks to variants of the Act contained in enactments by various jurisdictions, and whether those variants disqualify the version of a particular jurisdiction from substantially equivalent status.
The table of enacting jurisdictions is especially important because URESA’s definition of State was broadened to include any foreign country. However, that does not make every foreign country eligible for reciprocal treatment because URE-SA’s definition of court requires that it be one upon which jurisdiction has been conferred by a substantially similar law to the URESA.
It is somewhat ironic that New York never adopted the URESA. This fact was remarked by Professor Merril Sobie in his commentary to article 3-A of the Domestic Relations Law (Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 30, at 168). He noted that New York had embarked on a statutory scheme for reciprocal enforcement on a near parallel route, and through various amendments over the years has achieved a substantially similar equivalent statute so that it is entitled to reciprocity by States which have adopted the URESA.
In this regard, it should be noted that New York, by Laws of 1973 (ch 75), independently amended the USDL to broaden the definition of State to encompass any foreign country.
*648 Notwithstanding the fact that it is the objective of Uniform Laws Annotated to include in its table all jurisdictions adopting a URESA, only States of the United States and its Commonwealths and territories are included in the table even though it is widely known that the United Kingdom, and several Canadian provinces have enacted substantially similar statutes.
Under these circumstances, it becomes all the more important that a copy of the Polish statute purporting to be the URESA, or a substantial equivalent, be transmitted by the initiating court.
It is one thing to allow the citizens of another nation access to our courts. It is quite another to overlook the requirement that the initiating court transmit a copy of its controlling statute. This is especially true where ULA does not include Poland as having adopted a substantially equivalent enactment, and Poland’s legal system is predicated upon significantly different premises.
Since the initiating court failed to comply with the statutory provisions governing the USDL, the objection is granted to the extent of temporarily suspending the order of support, and remanding this matter to Hearing Examiner A on January 21, 1992 for the purposes articulated in this decision and order.